IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS ) <br> DISTRICT COUNCIL PENSION PLAN, ) <br> et al., ) <br>   ) <br>       Plaintiffs, ) <br>   ) <br>    vs. ) <br>   ) <br> WRECKCON SPECS, LLC, ) <br>   ) <br>       Defendant. ) | Case No. 21 C 4171 |

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

The plaintiffs in this case are the Chicago & Vicinity Laborers' District Council Pension Plan, Health & Welfare Plan, Retiree Health & Welfare Plan, and their administrator Catherine Wenskis (collectively the Funds). The Funds have sued Wreckcon Specs, LLC to recover allegedly unpaid contributions. The only issues remaining in the case involve Wreckcon's liability for union dues for two workers—Javier Ferreyra and Tyrone Gibbs—for March 2018; its liability for work performed by Ferreyra in 2019-2020; and the specific amounts due. The March 2018 union dues issue is not disputed at this point: Wreckcon reported both Ferreyra and Gibbs as having performed covered work that month, and it concedes that it did not pay union dues. The second issue is disputed and is the subject of cross motions for summary judgment. There is also a dispute about the Funds' auditor's fee.

**1.     Work by Javier Ferreyra in 2019-2020**

Wreckcon admits that Ferreyra did work during 2019-2020, but it has no records

regarding his hours worked. The Funds contend that this means their auditor's report regarding the amounts owed is presumed to be correct and that the burden shifts to Wreckcon to prove that the work Ferreyra did is not covered work. Wreckcon contends (among other things) that the burden-shifting framework applies only where the worker is an employee, and it says Ferreyra was an independent contractor during the years in question. Wreckcon further contends that in any event, the presumption cited by the Funds only addresses amounts owed, not whether a particular worker performed covered work. The Court ruled consistently with the latter contention in *Laborers' Pension Fund v McDaniel*, No. 10 C 6236, 2003 WL 23019171, at *4-5 (N.D. Ill. Dec. 23, 2003), and it remains convinced that this is the correct view. In short, the presumption cited by the Funds arising from the absence of records does not govern whether a particular worker's work was covered by the collective bargaining agreement.

There is a genuine factual dispute regarding whether Ferreyra performed covered work. Wreckcon's owner described Ferreyra's duties during 2019-2020 as follows:

> protecting vehicles, equipment and tools from being damaged or stolen; keeping jobsites secure from people trespassing onto them; keeping persons from interfering with ongoing work on jobs; screening persons who want to enter jobsites; and observing and overseeing ongoing work to ensure that it does not damage the property of others.

Decl. of John Gipson (dkt. no. 38-1) ¶ 12.

The Funds contend that, as described, Ferreyra's 2019-2020 work constituted covered work. The Funds rely on a term of the master agreement between the Chicago Area Independent Construction Association and the Laborers' District Council stating that it covers, among other things, the work of "watchmen . . . guards, security and

2

safety men, [and] toolroom men." Pls.' Ex. 2 (dkt. no. 34-2) at 44. If that's all there was, the Court would be inclined to agree with the Funds that Ferreyra's work, as described by Gipson in his declaration, constituted covered work.

But Wreckcon has offered some evidence (though not a lot) that the Funds did not, in practice, treat security guard work as covered work. Specifically, in conducting the audit in this matter, the Funds' auditor initially included time for a worker named Arthur Gaska, but the auditor removed it after Wreckcom submitted an affidavit stating that Gaska worked in security. Wreckcon relies on this as an admission of sorts that security guard work is not covered work.

A collective bargaining agreement may include implied terms defined by "the parties' practice, usage, and custom as they carry out their agreement." *Bhd. of Locomotive Eng'rs & Trainmen (Gen. Comm. of Adjustment, Ctr. Region) v. Union Pac. R.R. Co.*, 879 F.3d 754, 758 (7th Cir. 2017). The Funds argue that the removal of Gaska's hours amounted to a compromise or settlement on the Funds' part that does not constitute admissible evidence (or evidence at all) of their practice in administering and interpreting the agreement. But that's not at all clear at this point. Because there is evidence that Ferreyra performed security guard-type work *and* evidence that would permit a reasonable fact finder to determine that this was not covered work, the Funds are not entitled to summary judgment regarding Ferreyra's 2019-2020 work.

2. **Auditor's fee**

The Court agrees with the Funds that (assuming they can prove liability for Ferreyra's work), they have established the reasonableness of their auditor's fees. The total sought is $1,793.06. The auditor, Dominic Muzzarelli, submitted an affidavit

detailing his experience and the work that he performed. Wreckcon's general objection that the fees are not reasonable is insufficient to give rise to a genuine factual dispute.

## Conclusion

For the reasons discussed in this Order, the Court denies both sides' motions for summary judgment [25] [37], except for the question of the reasonableness of the plaintiffs' auditor's fees, on which the Court rules for the plaintiffs. In addition, the Funds are also entitled to recover the unpaid union dues for Javier Ferreyra and Tyrone Gibbs for the month of March 2018. At the telephonic status hearing on January 30, 2023, the Court will discuss with the parties how the case should proceed going forward. The Court notes that Wreckcon's attorney was recently granted leave to withdraw and that no attorney has filed an appearance for Wreckcon since then. For this reason, the Court asks the Funds' attorneys to make best efforts to get the present decision to Mr. Gipson in advance of the status hearing. In addition, because an entity (including a corporation or a limited liability company, like Wreckcon) cannot represent itself in court, there will need to be a discussion regarding the consequences for Wreckcon if it cannot retain substitute counsel.

Date: January 29, 2023

_____
MATTHEW F. KENNELLY
United States District Judge